# EXHIBIT B

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop C3-01-20
Baltimore, Maryland 21244-1850
Phone 410-786-3176 Facsimiles 410-786-0043



CENTERS for MEDICARE & MEDICAID SERVICES

**Office of the Attorney Advisor**
VIA FACSIMILE OR ELECTRONIC MAIL

DEC - 5 2014

Stephanie Webster, Esq.
Akin Gump Strauss Hauer & Feld, LLP
Robert S Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

Arthur E Peabody, Jr., Esq.
Blue Cross Blue Shield Association
1310 G Street NW 20th Floor
Washington, DC 20005

Marc Hartstein, Director
Hospital & Ambulatory Policy Group/ Center for Medicare/CMS
C4-01-26
7500 Security Boulevard
Baltimore, MD 21244

Re:  *King and Spalding Inclusion of Medicare Advantage Days in 2007 SSI Ratio, et al.,* PRRB Dec. No. 2010-D38 (PRRB Case Nos. 10-0165G, 10-0162GC, 10-0169GC)(*Allina Health Servs. v. Sebelius*, 746 F. 3d 1102 (D.C. Cir. 2014))

Dear Ms. Webster, Mr. Peabody and Mr. Hartstein:

The Providers in the above-referenced case filed suit in the Federal court challenging the disproportionate share hospital (DSH) reimbursement formula for the 2007 fiscal year in *Allina Health Servs. v. Sebeluis*, Civil Action No 10-1463 (RMC). Pursuant to an appeal of the District Court decision, the Court of Appeals for the District of Columbia Circuit in *Allina Health Servs. v. Sebelius*, 746 F. 3d 1102 (D.C. Cir. 2014), upheld, in part, the District Court decision in *Allina Health Servs. v. Sebelius*, 904 F. Supp. 2d 75 (D.D.C. 2012). The Court of Appeals agreed that the Secretary did not provide adequate notice and opportunity to comment before promulgating the Inpatient Prospective Payment System Federal Fiscal Year (FFY) 2005 rates (69 Fed. Reg. 49099) (August 19, 2004) rule (the "2004 rule") with respect to the treatment of Part C days. However, the Court of Appeals reversed in part the District Court decision. The Court of Appeals found incorrect that part of the opinion that ordered the Secretary to recalculate the DSH payments to include Part C days in the Medicaid fraction for 2007. With respect to this latter part of the opinion, the Court found the question of whether the Secretary could

reach the same result through adjudication was not before the district court; therefore, the court erred by directing the Secretary to calculate the hospital reimbursement, rather than remanding after identifying the error. The Court of Appeals reversed the portion of the district court's opinion directing the Secretary to recalculate the hospital's reimbursement using this alternative methodology. Thus, the Court of Appeals' opinion upheld the vacatur of the 2004 rule and reversed the direction to use a specific methodology.

The Secretary must determine the appropriate statutory interpretation in the absence of the vacated 2004 rule. Accordingly, the case is now before the Administrator of CMS for a determination of the appropriate statutory interpretation in the absence of the vacated 2004 rule to be used to calculate the Providers' DSH payment with respect to the treatment of the Part C days for FY 2007. The Provider, the Intermediary and Center for Medicare may submit comments by **January 9, 2015** regarding this matter. If you do submit comments, we would appreciate your faxing them to this office at (410) 786-0043, in order to ensure timely receipt.

I will promptly send you a copy of the decision, after the decision is rendered.

Sincerely,

Jacqueline R. Vaughn
Attorney Advisor