**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLINA HEALTH SERVICES, *et al.*,          :

                                       :

      Plaintiff,          :          Civil Action No.:      16-150 (RC)

                                         :

      v.          :          Re Document Nos.:   26, 27, 28

                                         :

ALEX M. AZAR II, Secretary,          :
of Health and Human Services,          :

                                         :

      Defendant.          :

**ORDER**

This case has been stayed for over two years pending resolution by the D.C. Circuit and the Supreme Court of a case presenting substantially the same dispositive legal issues and argued by many of the same parties. That case was recently decided by the Supreme Court in *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019) ("*Allina II*"). Following the Supreme Court's decision, Plaintiffs have moved in this case for entry of judgment in their favor and Defendant has opposed that motion and cross-moved for a voluntary remand to the Department of Health and Human Services ("the Agency"). ECF Nos. 26, 27, 28. The Plaintiffs agree that this case should be remanded to the Agency for further proceedings, ECF No. 26 at 2, but they oppose the Cross-Motion for Voluntary Remand, arguing that, more than simply remanding, the Court should not only enter judgment, but also instruct the Agency regarding how to recalculate the payments at issue, and require the parties to file status updates with this Court while the matter is before the Agency. ECF No. 29.

As Plaintiffs explain it, their "core claim . . . is the same as that in *Allina II*," namely "that the Secretary must go through notice-and-comment rulemaking before readopting [Medicare disproportionate share hospital] payment policy from the 2004 rule vacated in *Allina I* and to

apply it to the Plaintiffs' . . . payment calculations." ECF No. 26 at 1. They note that the Agency did not object to entry of judgment in *Allina II*. ECF No. 29 at 2. However, several differences distinguish *Allina II* from this case and make entry of judgment premature. The claims at issue in *Allina II* were fully litigated on an administrative record in *Allina II* and a summary judgment motion was decided. *See Allina Health Serv. v. Burwell* ("*Allina II*"), 201 F. Supp. 3d 94 (D.D.C. 2016) (granting summary judgment to defendant in the decision later reversed by the D.C. Circuit). The instant case concerns claims that were litigated on an administrative record in an earlier proceeding, *Allina Health Services v. Sebelius* ("*Allina I*"), No. 10-1463 (RMC), but they were never litigated before this Court. No administrative record has been produced in the case before this Court and no motion for summary judgment was decided or even filed before the case was stayed. The interrelation of the *Allina* cases makes for a somewhat unusual procedural posture, but it does not justify entry of judgment without the review of the Agency record that the relevant statutory scheme requires. *See* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party . . . ."); *Marymount Hosp., Inc. v. Shalala*, 19 F.3d 658, 661 (D.C. Cir. 1994) ("The Medicare Act, 42 U.S.C. § 1395oo(f)(1), directs courts to review the [Provider Reimbursement] Board's decision under . . . the Administrative Procedure Act."). Entry of judgment is therefore not appropriate here.

Because the parties agree that vacatur and remand is necessary, the remaining question is whether the Court should or must attach any or all of the additional conditions on remand that the Plaintiffs suggest. The answer is no. "Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded for further action consistent with the corrected

legal standards." *PPG Industries, Inc. v. U.S.*, 52 F.3d 363, 365 (D.C. Cir. 1995) (collecting cases). The same conclusion was reached by Judge Kelly as he remanded *Allina II* following the Supreme Court's decision. *See Allina Health Serv. v. Azar* ("*Allina II*"), No. 14-1415, slip op. (Sept. 4, 2019), ECF No. 58. It is also consistent with the D.C. Circuit's vacatur of similar additional conditions on remand that had been granted in this Court in *Allina I*. *Allina Health Serv. v. Sebelius* ("*Alina I*"), 746 F.3d 1102, 1111 (D.C. Cir. 2014) ("[T]he [district] court erred by directing the Secretary how to calculate the hospital's reimbursements, rather than just remanding after identifying the error."), *rev'g Allina Health Servs. v. Sebelius*, 904 F. Supp. 2d 75 (D.D.C. 2012). "Only in rare cases . . . does the court direct the agency how to resolve a problem" rather than simply pointing out the legal error and leaving its resolution up to the agency. *Allina I*, 746 F.3d at 1111 n.6. The Plaintiffs have provided no compelling reason why this is a "rare case" when *Allina I* and *Allina II* were not, and so the additional relief they request is denied.

Accordingly, it hereby **ORDERED** that Plaintiffs' Motion for Judgment, ECF No. 26, is **DENIED**. It is **FURTHER ORDERED** that Defendant's Cross-Motion for Voluntary Remand, ECF Nos. 27, 28, is **GRANTED**. This case is **REMANDED** to the Agency for further proceedings consistent with the Supreme Court's resolution of *Allina II*, 139 S. Ct. 1804 (2019).

The Clerk of Court is directed to close the case.

**SO ORDERED**

Dated:  October 25, 2019                                             RUDOLPH CONTRERAS
                                                                                        United States District Judge